UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN PELLEGRINI,<br><br>           Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY, FRESNO COUNTY PUBLIC GUARDIAN, FRESNO COUNTY COUNSEL, SUPERIOR COURT OF FRESNO, UBS FINANCIAL SERVICES, BANK OF NY MELLON, COMERICA INC., WEINTRAUB TOBIN,<br><br>           Defendants. | Case No.  1:16-cv-1292 LJO-BAM<br><br>ORDER DENYING BEVERLY PELLEGRINI'S AMENDED REQUEST FOR PRO HAC VICE ADMISSION AND VACATING HEARING<br><br>(Doc. 13)<br><br>ORDER VACATING HEARING DATE OF DECEMBER 9, 2016 ON BEVERLY PELLEGRINI'S REMAINING MOTIONS<br><br>(Docs. 14, 15). |

      This matter is before the Court on Beverly Pellegrini's amended application for *pro hac vice* admission. (Doc. 13). On October 6, 2016, Beverly Pellegrini filed her initial application for *pro hac vice* admission.  That application stated that while Beverly Pellegrini is a licensed attorney in the State of New York, she permanently resides in Fresno, California. (Doc. 11).  On October 8, 2016, the Court denied Beverly Pellegrini's *pro hac vice* application without prejudice for failing to comply with Local Rule 180(b)(2).  The Court found that, as an attorney currently living and/or practicing in Fresno, California, Ms. Pellegrini is not eligible for *pro hac vice* admission.

1

Subsequently, Beverly Pellegrini filed the instant amended application for admission in which she re-asserts that she resides in Fresno, California. (Doc. 13). She contends however that while her residential status does not meet the *pro hac vice* requirements, the Court should nevertheless permit her admission in order to protect the interests and rights of Plaintiff Lillian Pellegrini. According to Beverly, she "has expertise in the area of trusts and estates by being involved in this litigation since 2012." *See* Declaration of Beverly Pellegrini ("Pellegrini Decl."), (Doc. 13). She also claims she is further vastly familiar with all issues and pertinent California law concerning this matter.

Despite Beverly Pelligrini's contentions to the contrary, the Court must again deny her application for *pro hac vice* admission. Pursuant to Local Rule 180(b)(2)(ii), an attorney may not appear *pro hac vice* if he or she resides in California. L.R. 180(b)(2)(ii). This local rule is not merely a guideline or suggestion. "Local rules are 'laws of the United States.'" *United States v. Hvass*, 355 U.S. 570, 575 (1958); *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995). It will simply not do here to disregard the plain language of the Eastern District local rule which adopts the California law denying *pro hac vice* admission if the person is a resident of the State of California. Cal. Rule of Ct. 9.40(a)(1).

Further, from a broader perspective, the Court is unwilling if not unable to simply overlook the *pro hac vice* requirements. *Pro hac vice* admission is designed to protect the integrity of the court and to allow courts to enforce the standards which they have adopted for admissions of attorneys to practice on a case-by-case basis. *See Curtis v. BCI Coca-Cola Enters. Bottling Cos.*, 2014 WL 4417741, 2014 U.S. Dist. LEXIS 124447 (E.D. Cal. Sept. 5, 2014). Absent a properly admitted *pro hac vice* applicant, an attorney may be engaging in the unauthorized practice of law. Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active member of the State Bar."). The Supreme Court has explained that the "interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975); *see Gerhard v. Stephens*, 68 Cal.2d 864, 918 (1968) (California prohibits the unauthorized practice of

law in order "to afford protection against persons who are not qualified to practice the profession."). California has a substantial interest in regulating the legal profession and the attorneys who practice within the state. A person, who permanently resides in California and for all practical purposes works solely in California, cannot practice law without appropriate state licensure. For that reason, Beverly Pellegrini's residency in Fresno, California renders her incompatible for *pro hac vice* admission.

Moreover, based upon Beverly Pellegrini's conduct in this case to date—including her improper filings and repeated calls to the Court inquiring about the status of this case—the Court has concerns regarding whether Beverly Pellegrini has a sincere understanding of this Court's rules, customs and practices. While Beverly Pellegrini is aware that she is not a named party or counsel of record in this action, several filings bear her signature. Some of these filings, such as the notice of intervention by a third party litigant, maybe appropriate actions by nonparty Beverly Pellegrini.  Other motions, such as "motion to notify the court of a conflict of interest" are not. Beverly Pellegrini is reminded that this dispute is limited to the parties in this action and thus any future filings by Plaintiff pursuing the merits of this case should be signed solely by Plaintiff Lillian Pellegrini.  Future filings bearing Beverly Pellegrini's signature will be viewed as an attempt to circumvent the Court's requirements for *pro hac vice* admission and will not be tolerated and will be stricken.  No action will be taken on any such motion.

In this Court's November 3, 2016 order, certain motions were held in abeyance. Beverly Pellegrini's Motions entitled "NOTICE – Federal Jurisdiction Under Federal Rule of Civil Procedure 60; Intervener by Right Under Federal Rule of Civil Procedure 24; Joinder Under Federal Rules of Civil Procedure 19;" (Doc. 15) and "Motion to Notify Court of a Conflict of Interest" were held in ABEYANCE. (Doc. 16).  Therefore, IT IS HEREBY ORDERED that the hearing date of December 9, 2016, is VACATED, and no party shall appear at that time. (Docs. 15, 16).

///

///

///

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The amended *pro hac vice* application of Beverly J. Pellegrini is DENIED. (Doc. 13);

2. The December 9, 2016 hearings on the: (1) Motion for Amended Admission (Doc. 13); (2) Motion to Notify the Court of a Conflict of Interest (Doc. 14); and (3) the "NOTICE – Federal Jurisdiction Under Federal Rule of Civil Procedure 60; Intervener by Right Under Federal Rule of Civil Procedure 24; Joinder Under Federal Rules of Civil Procedure 19;" (Doc. 15) are VACATED. No party shall appear.

3. Beverley Pellegrini is advised that, to date, she is not a party to this case and her admission as an attorney of record has been denied. Accordingly, Beverly Pellegrini is DIRECTED to hereby refrain from corresponding directly with chambers staff about the merits of this case.

IT IS SO ORDERED.

Dated:   **November 28, 2016**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE