UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN PELLEGRINI, Trustor/Trustee<br><br>Plaintiff,<br><br>v.<br><br>MARLEEN MERCHANT, *et al.*<br><br>Defendants. | CASE NO. 1:16-cv-01292 LJO-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING DISQUALIFICATION OF MAGISTRATE JUDGE BARBARA A. McAULIFFE<br><br>(Doc. 14) |

This matter is before the Court on Plaintiff Lillian Pellegrini's "motion to notify court of a conflict of interest" pursuant to 28 U.S.C. § 455(a), which the Court construes as a motion to disqualify the undersigned. (Doc. 14). The Court finds the motion suitable for resolution without oral argument and the motion hearing currently scheduled for March 2, 2017, at 9:00 a.m. is HEREBY VACATED. The matter is deemed submitted pursuant to Local Rule 230(g). Having considered the motion and the entire record, Plaintiff's motion to disqualify is DENIED.

**BACKGROUND**

This action was originally filed on August 10, 2016 in the Northern District of California of the U.S. District Court. The complaint challenges a jury verdict rendered in the Fresno County Superior Court against Plaintiff Lillian Pellegini. In the state court action, a jury found that Plaintiff wrongfully and in bad faith took assets belonging to a Family Trust, and ordered Plaintiff to pay damages pursuant to California Probate Code § 859.[1] On August 30, 2016, the case was transferred from the Northern

---

[1] The procedural background is derived from the Court's docket and the District Court's order denying Plaintiff's Motion to Disqualify. (Doc. 76).

1

District to this Court. (Doc. 9). Shortly thereafter, Trustee Beverly Pellegrini, daughter of Lillian, filed a pro hac vice application which the Court denied initially and on reconsideration. (Docs. 11, 12, 33). This motion to disqualify followed.

In her Motion, Plaintiff moves to disqualify both United States District Judge Lawrence J. O'Neill and the undersigned arguing that:

> some Magistrate Judges and District Judges have had clear connections to Fresno Superior Court and Fresno Public Offices and may have former affiliations with law firms with conflicts of interest through any of the parties, or are connected through activities such as the NBI series (attached as Exhibit 1) that are outside their current professional functions that put justices, judges, and magistrates in contact with state court judges and members of law firms with conflicts of interest with any of the parties, there is a perception that these conflicts of interest may give rise to a lack of impartiality, and it is already a certainty that there is a reasonable basis of lack of impartiality by a diverse group of the public.

A hearing on the motion to disqualify was conducted before Judge O'Neill where Plaintiff appeared in person. (Doc. 75). On February 14, 2017, Judge O'Neill held a conflict of interest did not exist and denied Plaintiff's Motion to Disqualify. (Doc. 76). In ruling on the motion, Judge O'Neill stated that "Plaintiff's vague and conclusory assertions that 'some Magistrate Judges and District Judges' have 'clear connections to the 'Fresno Superior Court and Fresno Public Offices' does not demonstrate that the Court's impartiality might reasonably be questioned in presiding over this matter." (Doc. 76 at 6). The Court found, however, that "as to Plaintiff's claims that Magistrate Judge McAuliffe has a conflict of interest that requires her disqualification, this issue must be decided separately by Judge McAuliffe." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("only the individual judge knows fully his own thoughts and feelings and the complete context of the facts alleged").

Accordingly, the undersigned conducts an independent examination of the legal sufficiency of Plaintiff's recusal motion as set out below. *See U.S. v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."); *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by

the judge sitting in the case, and not by another judge") (internal quotations omitted).

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), a United States judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation and quotation marks omitted). In applying an objective test for determining whether recusal is required, the judge must "ask 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)). This "reasonable person" is not "hypersensitive or unduly suspicious" but rather a "well-informed, thoughtful observer." *Id.* (quotation marks and citation omitted). In all, a judge must "be and appear to be impartial," but judges must not "recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality." *Perry v. Schwarzenegger*, 630 F.3d 909, 916 (9th Cir. 2011).

## DISCUSSION

Plaintiff seeks disqualification on the grounds that the undersigned served as a panel member on a continuing legal education seminar held by the National Business Institute ("NBI") along with Fresno County Superior Court Judge Jane Cardoza, who presided over the Fresno County Superior Court proceedings in Plaintiff's state court case.  (Doc. 14 at 6-8).  In Plaintiff's view, the undersigned's participation on the panel with Judge Cardoza and other Superior Court judges raises doubts as to whether the undersigned can remain impartial and free of bias towards Plaintiff's pending case.

Although Plaintiff speculates that recusal is warranted, the circumstances of this case do not make recusal either necessary or appropriate under § 455. *Clemens v. United States Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir.2005) (noting that speculative allegations of bias are not sufficient to warrant recusal). A judge's participation in a legal educational event with other members of the bench does not create any reasonable basis for recusal.  A judge is not required to

3

become isolated from the society in which the judge lives. Even so, the undersigned has no relationship with any of the individuals mentioned that would have any bearing on rulings in this matter nor would the undersigned's tenuous professional connections create any degree of personal bias so to justify the requested recusal.  As with most judges, the undersigned has previously attended professional engagements with many people in this local legal community, but those professional relationships, without more, do not lead to personal bias against litigants.  See *Clemens*, 428 F.3d at 1180 (professional relationships amongst judges did not require disqualification).

Plaintiff further provides no authority holding that a purely professional association suggests an appearance of impropriety, and Plaintiff does not contend that the undersigned has any familial, personal, or financial connections that appear improper. *Ciampi v. City of Palo Alto,* 2010 U.S. Dist. LEXIS 100955 (N.D. Cal. Sept. 13, 2010) (judge need not recuse himself as long as the judge does not have a familial, financial, or similarly close relationship with the party or witness and as long as the judge has not received out-of-court information about the case at hand).  Thus, on the facts presented, an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would not entertain a reasonable doubt about the undersigned's impartiality in this case. Accordingly, no basis exists for the Court to disqualify itself pursuant to 28 U.S.C. § 455.

**CONCLUSION**

Plaintiff may only obtain disqualification upon an adequate showing of actual bias, prejudice, or partiality. As Plaintiff has not made an adequate showing in this case, the motion to disqualify is DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2017**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4