# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN PELLEGRINI, Trustor/Trustee<br><br>Plaintiff,<br><br>FRESNO COUNTY, *et al.*,<br><br>Defendants. | 1:16-cv-01292-LJO-BAM<br><br>ORDER CONSTRUING BEVERLY PELLEGRINI'S NOTICE OF APPEAL AS A MOTION FOR AN ORDER ON HER OCTOBER 2016 REQUEST TO INTERVENE;<br><br>ORDER SETTING A HEARING ON BEVERLY'S REQUEST TO INTERVENE (Doc. 15) FOR APRIL 10, 2017, AT 10:00 A.M. IN COURTROOM 4<br><br>ORDER CONTINUING DEFENDANTS' MOTIONS TO DISMISS CURRENTLY SET FOR MARCH 20, 2017, TO APRIL 10, 2017, AT 10:00 A.M. IN COURTROOM 4 |

## I. INTRODUCTION

Pending before the Court is Beverly Pellegrini's ("Beverly") "Notice of Appeal" filed on February 24, 2017 (Doc. 80), which the Court construes as a motion for an order on her filing of October 31, 2016 (Doc. 15). For the reasons set forth below, the Court sets a hearing on Beverly's request for intervention under Rule 24 for April 10, 2017, at 10:00 a.m. in Courtroom 4.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This case stems from a trust administration dispute between Lillian Pellegrini ("Lillian") and her daughter, Marleen Merchant, which was decided in a probate proceeding conducted by the Fresno

California Superior Court.[1]  In August 2016, Lillian filed suit in the U.S. District Court for the Northern District of California naming Fresno County, Fresno County Counsel, Fresno County Public Guardian, the Superior Court of Fresno County, UBS Financial Services, Bank of NY Mellon, Comerica Inc., and Weintraub Tobin as defendants (collectively, "Defendants").  On August 30, 2016, the Northern District ordered that the case be transferred to the Eastern District as Lillian's claims arose out of events that occurred in Fresno, California.  (Doc. 9.)

On October 31, 2016, Lillian filed a document entitled "Motion to Notify Court of a Conflict of Interest by Lillian Pellegrini"; on that same day, a second document was filed by Lillian's daughter, Beverly Pellegrini, entitled "Notice – Federal Jurisdiction Under Federal Rule of Civil Procedure 60; Intervenor by Right Under Federal Rule of Civil Procedure 24; Joinder Under Federal Rules of Civil Procedure 19."  (Docs. 14, 15.)[2]  These motions were originally set to be heard on December 9, 2016 before the assigned Magistrate Judge.

On November 3, 2016, the Court issued summonses and ordered Lillian to serve the complaint, and Beverly's motion entitled "Notice – Federal Jurisdiction Under Federal Rule of Civil Procedure 60; Intervenor by Right Under Federal Rule of Civil Procedure 24; Joinder Under Federal Rules of Civil Procedure 19" was held in abeyance until such time as the Defendants were served *and the motion was properly noticed*.  (Doc. 16.)   Between December 27, 2016, and November 9, 2017, each Defendant filed a motion to dismiss.  (Docs. 41, 42, 43, 44, 45, 46.)

On January 12, 2017, Lillian filed a motion for Venue Change and a Motion to Stay the proceedings (Docs. 53, 54), which were denied.  On February 24, 2017, Beverly filed a "Notice of Appeal" asserting that the Court's failure to issue an order on her October 31, 2016, "Notice" was tantamount to a denial of her request to intervene under Rule 24 (despite that the motion has never been

---

[1] The factual background of these underlying proceedings is summarized in the Court's February 14, 2017, order, is well-known to the parties, and thus will not be repeated or summarized here.

[2] The October 31, 2016, document reflects both Beverly and Lillian as filing the "Notice" seeking intervention under Rule 24 (among other things), although it is Beverly who is seeking intervention.

2

properly re-noticed for a hearing), and that she is entitled to immediate appeal. (Doc. 80, p. 9.)

## III. ANALYSIS

Beverly's "Notice of Appeal" filed on February 24, 2017, purports to be an appeal of the Court's "denial" of Beverly's October 2016 filing seeking to intervene in the litigation. This is procedurally improper. Beverly's October 2016 request for intervention was filed before Defendants were served, and has never been re-noticed and set for a hearing following service on Defendants. The Court noted this deficiency in its November 3, 2016, order stating that Beverly's "Notice" would not be considered "until such time as Defendants have been served *and proper notice of the motion is made*." (Doc. 16, 2:5-6.)

In its February 14, 2017, order refusing to stay the litigation until after Beverly's October 2016 request for intervention had been heard, the Court *again* indicated the "Notice" had never actually been re-set for a hearing. Because it was not properly set and noticed, the request was never properly before the Court for a decision, and, therefore, no decision has ever issued. Although an order preventing a putative intervenor from becoming a party in *any* respect is subject to immediate appellate review, *Railroad Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 524-25 (1947), to qualify as such a collateral order under 28 U.S.C. § 1291, there must be a decision that conclusively determines the disputed question, *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949). Here, no order has been issued on Beverly's "Notice" seeking to intervene as the request was not properly notice and set for a hearing.

Because there is no decision from which Beverly may appeal, her "Notice of Appeal" is construed as a motion for an order on her October 2016 "Notice" seeking intervention. To facilitate the procedural handling of this issue, all parties are hereby noticed that Beverly's October 31, 2016, filing seeking intervention, among other things, is SET for a hearing on Monday, April 10, 2017, at 10:00 a.m. in Courtroom 4. Defendants' motions to dismiss are RESET for Monday, April 10, 2017, and will be heard concurrently with Beverly's request to intervene.

Defendants may file any opposition to Beverly's request to intervene by no later than March 20, 2017, and Beverly may file an optional reply brief on or before March 27, 2017. Lillian's opposition brief to the motions to dismiss has already been filed (Doc. 72), and any optional reply brief by Defendants may be filed no later than March 27, 2017. Following an order on these pending motions, should Lillian and/or Beverly be disappointed, they may exercise any and all appellate remedies then available to them.

## IV. CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Beverly's "Notice of Appeal" is construed as a motion for an order on her October 2016 request to intervene (Doc. 15);

2. Beverly's October 2016 request to intervene (Doc. 15) is set for a hearing on April 10, 2017, at 10:00 a.m. in Courtroom 4;

3. Defendants' Motions to Dismiss currently set for March 20, 2017, are CONTINUED to April 10, 2017, at 10:00 a.m. in Courtroom 4;

4. Any opposition to Beverly's request for intervention shall be filed on or before March 20, 2017; and

5. Any reply brief to either Defendants' motions to dismiss or Beverly's request to intervene shall be filed on or before March 27, 2017.

IT IS SO ORDERED.

Dated:  **February 27, 2017**              /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE